UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

CESAR POWERS,

        Petitioner,

vs.

WARDEN LASHANN EPPINGER,

        Respondent.

------------------------------------------------------

Case No. 1:18-cv-528

OPINION & ORDER
[Resolving Doc. 7]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Cesar Powers again petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. Because Petitioner did not obtain the required circuit approval to file a second habeas petition, the Court **TRANSFERS** the case to the Sixth Circuit.[1]

In November 2004, an Ohio jury convicted Petitioner Powers of two counts of felonious sexual penetration with force.[2] The trial court sentenced Petitioner to mandatory life imprisonment.[3] The Ohio Court of Appeals affirmed Petitioner's convictions and the Ohio Supreme Court declined review.[4]

In February 2008, Powers filed a habeas petition with this Court.[5] He claimed that: (i) there was insufficient evidence to support his convictions, (ii) his convictions violated the double jeopardy clause, and (iii) the statute used to sentence him had been repealed.[6]

---

[1] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that, when a petitioner files a habeas petition in the district court without circuit approval, the district court should transfer the petition to the Sixth Circuit).
[2] *State v. Powers*, No. 86381, 2006 WL 1044607, at *2 (Ohio Ct. App. April 20, 2006).
[3] *Id.*
[4] *Id.* at *5; *State v. Powers*, 854 N.E.2d 1092 (Ohio 2006) (unpublished table decision).
[5] *Powers v. Bobby*, No. 1:08-cv-505, 2008 WL 4823134, at *1 (N.D. Ohio Nov. 3, 2008).
[6] *Id.* at *3.

Case No. 1:18-cv-528
Gwin, J.

The Court denied Powers' petition.[7] The Sixth Circuit affirmed.[8]

Nearly ten years later, Petitioner Powers brings yet another habeas petition seeking release from the same sentence.[9] This time, he claims that: (i) his conviction is void because no criminal complaint was filed in his case, (ii) the trial court lacked jurisdiction over his case, and (iii) he received ineffective assistance of counsel.[10]

Respondent moves the Court to either dismiss the case or transfer it to the Sixth Circuit.[11] Magistrate Judge Greenberg recommends that the Court grant Respondent's motion and transfer the case to the Sixth Circuit.[12] Petitioner failed to object.

Petitioner Powers may not file a "successive" habeas petition unless he first obtains authorization from the Sixth Circuit.[13] A petition is considered successive if, *inter alia*, it raises claims that "could have been raised in the first petition, but [were] not so raised, either due to deliberate abandonment or inexcusable neglect."[14]

None of Petitioner's claims rest on newly discovered legal rights or evidence. Rather, it appears that Petitioner Powers could have asserted his current claims in his first habeas petition. Thus, this is a successive petition requiring Sixth Circuit authorization before the Court may consider it.

---

[7] *Id.* at *8.
[8] *Powers v. Bobby*, No. 08-4702 (6th Cir. Oct. 5, 2009) (unpublished opinion).
[9] Doc. 1.
[10] Doc. 5 at 6, 7, 10.
[11] Doc. 7. Petitioner opposes. Doc. 8.
[12] Doc. 9.
[13] 28 U.S.C. § 2244(b)(3)(A).
[14] *See, e.g.*, *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Greenberg's Report and Recommendation and **GRANTS** Respondent's motion to transfer.

IT IS SO ORDERED.

Dated: December 11, 2018                  *s/     James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE